W. N. MILLER *et al. v.* JESSE L. HUBBS *et al.*

*(Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

ELY & ELY, of Knoxville, for complainants.

HODGES & DOUGHTY, of Knoxville, for defendants.

238

Mr. Justice Swepston delivered the opinion of the Court.

We granted certiorari in this case, the same has been argued and we now dispose of it as follows:

This suit was filed by the administrator and the brothers and sisters of Lucy Nora Hubbs, deceased, to set aside transfers of practically all of her property to her brother-in-law, Jesse L. Hubbs, on the grounds that she did not have independent advice, and that same was done through fraud and undue influence.

The transfers under attack are: (1) A fund of $6,000 in the Home Federal Savings & Loan Association of Knoxville, standing in the name of the deceased and the defendant as "joint tenants with the right of survivorship;" (2) A deed to the home of deceased worth $3,000 to $5,000; and (3) Two policies of life insurance totalling $500.

The Chancellor and the Court of Appeals found that confidence was reposed in defendant and set aside the transfer of the home and the insurance proceeds because they occurred about 10 days before Mrs. Hubbs' death, while she was in the hospital dying of cancer and was being given large doses of drugs; also because she did not have independent and competent advice. Defendant does not complain of this action of the two Courts.

Both Courts, however, upheld the $6,000 transaction

and it is that of which complainants complain in their petition for certiorari. The two assignments of error are: (1) That, if it was a completed gift, it was made without independent and competent advice; and (2) That even if it was intended as a gift, it was never completed.

We do not think there is any merit in the complaint about lack of independent and competent advice. We do not quite agree with all of the Chancellor's reasons, but the following facts are important:

Arthur W. Hubbs and Jesse were very close to one another although Arthur was 20 years older. Arthur and his wife, the deceased, were good to Jesse when he was young. Arthur and his wife, however, came to depend wholly on Jesse to attend to any of their little business affairs and many personal matters other than business. Arthur died of cancer in September 1951. During his extended illness Jesse performed very disagreeable tasks in attending to Arthur's physical needs. His wife was suffering with diabetes and cancer and died in August 1952. It was necessary for her to have insulin injections once a day and the proof is clear that most of the time Jesse administered them to her because she could not do it herself; he also brought in her coal and kindling and saw to her every need.

The proof is equally clear that Arthur stated to his wife that Jesse would take care of her if Arthur died first, and that he wanted Jesse to have everything he possessed; also that after Arthur died she said she wanted Jesse to have everything she had because that was Arthur's request. One witness said Mrs. Hubbs had said, ''I will tell you right now, Jesse has treated me just like a baby; if I have anything left when I leave this world, I want him to have it.''

Both lower Courts have found that she was

capable of knowing what she was doing on January 10, 1952, when she and Jesse both signed the signature card and joint-tenancy agreement with the Association, and that she knew afterwards that the money was deposited under those conditions. These findings of fact are conclusive on this Court. It, therefore, is obvious that the rule of *Turner* v. *Leathers,* 191 Tenn. 292, 232 S. W. (2d) 269, and other cases requiring independent and competent advice is fully met. What better and more competent advice could she have had than that of her husband whose wishes she followed after his death?

Complainants stated in the brief that they had pitched their case on that of *Turner* v. *Leathers,* supra, and the original bill is predicated on the same theory, it being alleged that the deceased had no independent advice and that the conveyances had been obtained through the fraud of Jesse L. Hubbs.

We, therefore, find no merit in the complainants' first assignment of error and the same is overruled.

■ With reference to the second assignment of error to the effect that it was not a gift because never completed, suffice it to say that the Court of Appeals held that it was not a gift but in the concluding paragraph of the opinion, said this,

> "In view of such evidence and all the circumstances of the case, including the circumstances that there was an adequate supporting consideration and the transfer was not a gift in the true sense, to apply the independent advice rule would, in our opinion, not only be most unjust from the standpoint of defendant but would defeat the intention of the owner of the fund in carrying out a plan which he fully understood and intended."

Accordingly, we overrule both assignments of error and affirm the judgment of the Court of Appeals.